IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Case No. 17-mc-00062-RM

RIFLE REMEDIES, LLC,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER
_____

    On June 6, 2017, petitioner Rifle Remedies, LLC ("petitioner") filed an Amended Petition to Quash Summonses ("the petition") against respondent the United States of America ("respondent"), seeking to have quashed a summons ("the summons") issued by the Internal Revenue Service ("IRS") on April 11, 2017 to third-party the Marijuana Enforcement Division of the Colorado Department of Revenue ("MED"), as well as an evidentiary hearing. (ECF No. 8.)

    Pending before the Court is respondent's Renewed Motion to Dismiss and Enforce Summons, pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") and 26 U.S.C. §§ 7604(a), 7609(b)(2)(A). (ECF No. 13.) Petitioner has filed a response (ECF No. 20), and respondent has filed a reply (ECF No. 21).

**I.**    **Legal Standard**

    The Tenth Circuit Court of Appeals has explained the legal standards for an action such as the present as follows:

**EXHIBIT 21**

> When a party challenges a summons, the IRS is allowed to bring an enforcement proceeding. 26 U.S.C. § 7604. To obtain enforcement, the IRS 'must meet the standards set out in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).' *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (further citations omitted). *Powell* requires the IRS to show that (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the information sought may be relevant to that purpose, (3) the information sought is not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. *Id*.
>
> The government's burden at this stage 'is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.' *Balanced Fin. Mgmt.*, 769 F.2d at 1443. Compliance with the *Powell* factors is usually established by the affidavit(s) of the person(s) who issued the summons. *Id*.
>
> The burden then shifts to the party resisting enforcement. The burden is a heavy one. *Id*. at 1444. Unless [petitioner] can show that enforcement would 'constitute an abuse of the court's process, or that in issuing the summons the IRS lacked institutional good faith,' the summons must be enforced. *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987) (citation and internal quotation marks omitted).
>
> In meeting this burden, neither 'legal conclusions nor memoranda of law will … suffice.' *Balanced Fin. Mgmt.*, 769 F.2d at 1444 (internal quotation marks omitted). Instead, [petitioner] 'must factually oppose the Government's allegations by affidavit.' *Id*. (internal quotation marks omitted). If [petitioner] 'cannot refute the government's *prima facie Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.' *Id*. (internal quotation marks omitted).

*Villareal v. United States*, 524 F. App'x 419, 422-423 (10th Cir. 2013) (unpublished) (alterations omitted).[1]

## II. Discussion

### A. *Powell*

---

[1] The parties spend some time discussing whether a summary judgment standard or motion to dismiss standard apply to this proceeding. (ECF No. 20 at 9-10; ECF No. 21 at 2.) To the extent this an argument between the parties, the Court finds that *Powell* and the Tenth Circuit's application of that decision govern the instant matter.

2

**EXHIBIT 21**

1. **Purpose**

The declaration from IRS Revenue Agent Jean Walker ("Walker") satisfies respondent's slight burden of establishing a legitimate purpose for its investigation. Notably, in her declaration, Walker stated that she is investigating petitioner's federal tax liabilities, and the purpose of the summons is to verify petitioner's financial records and to determine whether information reported in petitioner's tax returns can be substantiated. (ECF No. 5-1 at ¶¶ 4, 15.) The Court, thus, finds the IRS' investigation to have a legitimate purpose.

Petitioner's apparent contentions to the contrary miss the mark. The principal purported illegitimate purpose with which petitioner appears to be concerned is the alleged criminal investigation being conducted by the IRS. (*See* ECF No. 20 at 8, 14-15; ECF No. 8 at 10-12.) The Court will not repeat the points it has already made in this regard in another case. *See generally Alpenglow Botanicals, LLC v. United States*, 2016 WL 7856477 (D. Colo. Dec. 1, 2016) (RM). Suffice to say, the Court does not find that the IRS is engaging in a *criminal* investigation when it investigates, for purposes of 26 U.S.C. § 280E ("§ 280E"), whether a business involves trafficking in a controlled substance. The purpose of such an investigation, as the statutory provision provides, is to determine whether a business is entitled to a deduction or credit; not to determine whether a business (or its proprietors) may be subject to criminal prosecution. *See* 26 U.S.C. § 280E. Moreover, none of the arguments that petitioner makes in this case have changed the Court's opinion. As such, the Court rejects petitioner's argument in this regard.

Petitioner's next argument, to the extent it can be construed as an illegitimate purpose argument, is that respondent cannot force MED, an alleged arm of the State of Colorado, to do anything by way of this action. (*See* ECF No. 20 at 11-13.) As respondent contends in reply,

3

**EXHIBIT 21**

Case 1:17-mc-00002-RM Document 23 Filed 10/20/17 USDC Colorado Page 4 of 8

however, such an argument is simply inconsistent with federal law. (*See* ECF No. 21 at 3-4.) Notably, 26 U.S.C. § 7609(b)(2) provides that, when a person proceeds to quash a summons, the IRS may seek to compel compliance with the summons, and, whether or not the person summoned (here, MED) appears in such a proceeding, the person summoned will be bound by the same. Moreover, given that it is the federal government that is seeking compliance with the summons, the case to which petitioner cites involving a *private* party is simply inapplicable. *See Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 764, 122 S.Ct. 1864 (2002).

Petitioner's next argument, again to the extent it is an illegitimate purpose argument, is that the IRS is seeking to force MED to create reports that do not otherwise exist. (*See* ECF No. 20 at 13-14.) In reply, respondent asserts that it is simply summoning MED to print "specific reports" from a database of information MED already possesses. (ECF No. 21 at 4-5.)

Put simply, the summons requests what the summons requests. Should the items requested exist and be in MED's possession, then MED should be expected to produce that which has been requested. To take the analogy used by respondent, should MED possess something akin to a bank statement (*see* ECF No. 21 at 4) i.e., something which is produced by a bank as a matter of course with respect to an account holder containing the information respondent seeks, then compliance with the summons should be expected. If, however, the summons should require MED to produce a report that it would not ordinarily or otherwise produce from its database of information, then respondent very well may find itself having to process that information itself. In other words, in such a situation, MED may only need to produce the entirety of the database of information because that is the only document or data source that MED has created and possesses. Merely because MED could produce a report from its database does not mean that it has or that respondent can force MED

4

**EXHIBIT 21**

to do so.[2] *See United States v. Euge*, 444 U.S. 707, 717 n.11, 100 S.Ct. 874 (1980) (noting that, although the IRS had authority to seek handwriting exemplars, the Supreme Court expressed "no opinion on the scope of the [IRS'] authority to otherwise order [a] witness to generate previously nonexistent documentation"). Based upon the statements in respondent's reply, it does not appear that respondent wishes MED to create anything. (*See* ECF No. 21 at 4.) In this light, the Court does not find this issue to be one that turns respondent's purpose with respect to its investigation into something illegitimate.

Petitioner's next argument is that, in requesting "Transfer Reports," respondent may be attempting to obtain the identities of third parties who have dealt with petitioner, which would convert the summons into a John Doe summons subject to 26 U.S.C. § 7609(f). (ECF No. 20 at 14-15.) Petitioner does not put much meat on the bone of this speculation. In any event, the Court agrees with the arguments in respondent's reply that this is a non-issue. (*See* ECF No. 21 at 6-7.) In particular, § 7609(f) only applies when the summons does not identify the person with respect to whose liability the summons is issued. 26 U.S.C. § 7609(f). Here, petitioner makes no argument, nor could it, that the identity of the person with respect to whose liability the summons was issued is not petitioner and petitioner alone. As a result, § 7609(f) does not apply.

Petitioner's final potential legitimate purpose argument is that respondent has failed to comply with a Freedom of Information Act ("FOIA") request, and, as a result, the Court should presume that the information that has not been disclosed is unfavorable to respondent. (*See* ECF

---

[2] Again using respondent's analogy, merely because a bank may produce a bank statement for an account holder does not mean that the bank must perform a search through the data therein to produce a different set of information, at least not when the bank would not ordinarily or otherwise do so. Rather, it would appear to be the IRS' responsibility to sort through the produced bank statement to obtain that which it is looking for.

5

**EXHIBIT 21**

No. 20 at 16-17.) Petitioner asserts that it has requested information related to coordination between the IRS and the Department of Justice in investigating the federal criminal drug laws. (*Id*. at 16.) This argument clearly pertains to petitioner's principal argument that the IRS is conducting criminal investigations without authority to do so. (*See id*.) As mentioned *supra*, the Court has rejected that argument, and nothing that may be turned over under the FOIA request would change the Court's opinion. Simply put, even if the IRS is withholding information, showing that it is coordinating with the Department of Justice to investigate whether the federal drug laws have been violated, that would not change the Court's finding that the IRS' investigation into whether § 280E applies to petitioner is not a criminal investigation.

### 2. Relevance

Walker's declaration sufficiently establishes that the information sought pursuant to the summons would be relevant to the purpose of the IRS' investigation into petitioner. As discussed *supra*, Walker stated that the summons will be helpful in verifying the information petitioner reported on its tax returns. (ECF No. 5-1 at ¶¶ 15, 22.) Petitioner does not contest this part of the *Powell* test (*see generally* ECF No. 20), and thus, the Court finds that respondent has satisfied its burden in this respect.

### 3. Possession

Walker's declaration sufficiently establishes that the IRS does not possess the information it seeks pursuant to the summons. Notably, Walker stated that the IRS "does not already possess the books, papers, records, and other data sought by the summons issued to MED." (ECF No. 5-1 at ¶ 21.) In a far from clear fashion, in response, petitioner argues that the IRS does possess the information it is seeking to summons. (*See* ECF No. 20 at 14.) It appears that petitioner believes

**EXHIBIT 21**

that the IRS has obtained "xls files," these files contain private taxpayer information, and they are large enough to contain the information "of most if not all of the licensees." (*Id.*) Construing petitioner's argument liberally, it, at best, is merely rank speculation. Moreover, there is no assertion that the IRS possesses the specific information that it has requested in the summons. Therefore, the Court rejects any argument that the IRS possesses the information it seeks pursuant to the summons.

### 4. Administrative Steps

Walker's declaration establishes this part of the *Powell* test. Notably, Walker stated that she complied with the administrative steps required by the Internal Revenue Code in issuing and serving the summons. (ECF No. 5-1 at ¶ 23.) Petitioner does not contest this statement in its response. (*See generally* ECF No. 20.) As a result, the Court finds that respondent has met the fourth and final part of the *Powell* test.

### B. Petitioner's Burden

Respondent having established its burden under *Powell*, the burden shifts to petitioner. *Villareal*, 524 F. App'x at 422. More specifically, unless petitioner "can show that enforcement would constitute an abuse of the court's process, or that in issuing the summons the IRS lacked institutional good faith, the summons must be enforced." *Id.* (quotation omitted).

To the extent petitioner's arguments, which the Court construed *supra* as challenging the purpose of the IRS' investigation, can be construed as attempting to satisfy petitioner's burden of showing that enforcement of the summons will be an abuse of process or that the IRS lacked institutional good faith, the Court rejects those arguments for the same reasons discussed *supra*. Notably, those arguments are based upon rank speculation, on a lack of facts, or a combination of

7

**EXHIBIT 21**

both.  This is simply insufficient.  *See id*. at 423.  As a result, the Court finds that petitioner has failed to satisfy its burden under *Powell*.

### III. Conclusion

Accordingly, the Court DENIES the Amended Petition to Quash Summonses, including the request for an evidentiary hearing (ECF No. 8) and GRANTS the Renewed Motion to Dismiss and Enforce Summons (ECF No. 13) to the extent that the Court shall ENFORCE the April 11, 2017 summons issued to MED on the grounds and for the reasons set forth herein.[3]

**SO ORDERED.**

DATED this 26th day of October, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[3] Given that the Court discussed *supra* that motion-to-dismiss principles do not apply in the context of the instant proceeding, the Court DENIES AS UNNECESSARY the Renewed Motion to Dismiss and Enforce Summons to the extent it moves for dismissal pursuant to Fed.R.Civ.P. 12(b).

**EXHIBIT 21**