

# Office of the Attorney General
## Washington, D. C. 20530

January 4, 2018

MEMORANDUM FOR ALL UNITED STATES ATTORNEYS

FROM:     Jefferson B. Sessions, III
          Attorney General

SUBJECT:  Marijuana Enforcement

In the Controlled Substances Act, Congress has generally prohibited the cultivation, distribution, and possession of marijuana. 21 U.S.C. § 801 *et seq.* It has established significant penalties for these crimes. 21 U.S.C. § 841 *et seq.* These activities also may serve as the basis for the prosecution of other crimes, such as those prohibited by the money laundering statutes, the unlicensed money transmitter statute, and the Bank Secrecy Act. 18 U.S.C. §§ 1956-57, 1960; 31 U.S.C. § 5318. These statutes reflect Congress's determination that marijuana is a dangerous drug and that marijuana activity is a serious crime.

In deciding which marijuana activities to prosecute under these laws with the Department's finite resources, prosecutors should follow the well-established principles that govern all federal prosecutions. Attorney General Benjamin Civiletti originally set forth these principles in 1980, and they have been refined over time, as reflected in chapter 9-27.000 of the U.S. Attorneys' Manual. These principles require federal prosecutors deciding which cases to prosecute to weigh all relevant considerations, including federal law enforcement priorities set by the Attorney General, the seriousness of the crime, the deterrent effect of criminal prosecution, and the cumulative impact of particular crimes on the community.

Given the Department's well-established general principles, previous nationwide guidance specific to marijuana enforcement is unnecessary and is rescinded, effective immediately.[1] This memorandum is intended solely as a guide to the exercise of investigative and prosecutorial discretion in accordance with all applicable laws, regulations, and appropriations. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.

---

[1] Previous guidance includes: David W. Ogden, Deputy Att'y Gen., Memorandum for Selected United States Attorneys: Investigations and Prosecutions in States Authorizing the Medical Use of Marijuana (Oct. 19, 2009); James M. Cole, Deputy Att'y Gen., Memorandum for United States Attorneys: Guidance Regarding the Ogden Memo in Jurisdictions Seeking to Authorize Marijuana for Medical Use (June 29, 2011); James M. Cole, Deputy Att'y Gen., Memorandum for All United States Attorneys: Guidance Regarding Marijuana Enforcement (Aug. 29, 2013); James M. Cole, Deputy Att'y Gen., Memorandum for All United States Attorneys: Guidance Regarding Marijuana Related Financial Crimes (Feb. 14, 2014); and Monty Wilkinson, Director of the Executive Office for U.S. Att'ys, Policy Statement Regarding Marijuana Issues in Indian Country (Oct. 28, 2014).

**EXHIBIT 19**