# THORBURN | WALKER LLC

5460 South Quebec Street, Suite 310      Telephone         (303) 646-3482
Greenwood Village, Colorado 80111        Facsimile         (303) 325-3489
Website  www.thorburnwalker.com          E-Mail   jthorburn@thorburnwalker.com

January 29, 2018

**VIA FACSIMILE**

IRS FOIA Request
HQ FOIA
Stop 62150
Atlanta GA 30362
1-877-807-9215 (fax)

Dear Disclosure Manager:

 We represent Judy Aragon and have attached an Internal Revenue Service Power of Attorney (Form 2848) confirming the foregoing. This letter is intended to formally request, under the Freedom of Information Act, 5 U.S.C. §552, and the regulations promulgated thereunder, each and every document contained in the administrative files of the Internal Revenue Service relating to the income tax liabilities of Judy Aragon (TIN           ) ("Taxpayer") for taxable years 2013, 2014, 2015, 2016 and 2017.

 This request does not include copies of the Taxpayer's filed income tax returns, nor does it include copies of correspondence generated by our office. Subject to the foregoing, the requested information includes, but is not limited to:

1. The Examination Division Administrative File for the audit of the Taxpayer. This information should include: any worksheets, workpapers, notes, emails, faxes, documents, memoranda, computations and other materials prepared or accumulated relative to this examination by employees of the IRS, any other governmental agency, or otherwise, including internal documents, memoranda, memoranda of all interviews of persons regarding the individual income tax liabilities of the Taxpayer; copies of all statements (sworn or otherwise), including any drafts and edited copies, given by individuals in connection with the investigation of the income tax liabilities of the Taxpayer and/or investigations of Taxpayer of trafficking in Schedule I or II controlled substances; Case Activity record; and written reports and recommendations concerning the proposed assessment of additional tax and penalties and any other information that is related to the determinations made by the IRS regarding the Taxpayer.

2. A list of any information and documents maintained electronically identifying each document by subject matter and format (i.e., tape, disk, etc.).

3. Any and all files relative to the audit that include information and documents obtained pursuant to summonses issued to third parties which are not otherwise included in the Administrative File.

**EXHIBIT 23**

Page 2
Disclosure Manager
January 29, 2018

4. Any and all files relative to this audit that may have been prepared by independent consultants, international examiners, economists, engineers, and any other specialists assigned to this case which are not otherwise included in the Administrative File.

5. Any and all written training materials used for the training of any and all IRS personnel, whether written by Internal Revenue Service personnel, or personnel from any other agency or private third party, including but not limited to the Department of Justice, the Drug Enforcement Agency, the Internal Revenue Service or any other branch or agency of the United States Government, which in any way deal with the application of the Controlled Substances Act 21 U.S.C. §841, and/or the administration of 26 U.S.C. §280E.

6. Specifically, all training materials used to train IRS personnel for §280E audits which were utilized in the training session in the Spring of 2016 in Colorado.

7. All written policy statements issued by IRS personnel regarding audits involving 26 U.S.C. §280E during the Spring of 2017.

8. All written policy statements or other documents stating policy of the Internal Revenue Service regarding the administration of 26 U.S.C. §280E which have not been previously published in the Code of Federal Regulations ("CFR").

9. Any and all audit technique guides utilized in the audit of Taxpayer by any auditor, supervisor, manager, group manager and/or regional director.

10. All written policy statements or other documents stating policy of the Internal Revenue Service, whether separately or jointly with and the Department of Justice, the Drug Enforcement Agency or any other Department or agency of the United States of America, regarding the policies to enforce or investigate the 26 U.S.C. §280E and/or the Controlled Substance Act, as it relates to the auditing of tax returns of taxpayers engaged in the sale of marijuana in states where such sales are legal under state law, whether for medicinal or recreational purposes.

11. All written policy statements, final decisions, or other documents that implement the established policy of the IRS, or that explain actions that the IRS has already taken, with regard to the administration of 26 U.S.C. §280E.

Since the requested information relates directly to Judy Aragon, we have determined that the information requested is not exempt under disclosure laws, is not a classified document, is not a protected internal communication, is not protected by "privacy," and is not a "protected investigative record" within the meaning of the Freedom of Information Act. Additionally, the requested policy statements and written training material are not exempt under disclosure laws because they reflect post-decisional documents and "the public is vitally concerned with the reasons which did supply the basis for an agency policy actually adopted." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 152 (1975).

**EXHIBIT 23**

Page 3
Disclosure Manager
January 29, 2018

If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal or access, and specific citations or statutory authority for the denial. Specifically, if the Disclosure Section determines an exemption applies to some or all of the requested information, we request that a Privilege Log be provided in the form of a Vaughn Index. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974), the court rejected an agency's conclusory affidavit stating that requested FOIA documents were subject to exemption. *Id.* at 828. "A Vaughn Index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995). A Vaughn Index "'permit[s] the court system effectively and efficiently to evaluate the factual nature of disputed information.'" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 n.2 (1989) (quoting *Vaughn*, 484 F.2d at 826). With a Vaughn Index, we will have the means to adequately assess if any claimed exemptions have merit, thereby avoiding potentially costly litigation to seek such item.

We believe that your office has custody of the requested information, but if not, we hereby request prompt notice of the current location of such information. To expedite this request, we are willing to discuss specific instances of deletion or other exemption claims in advance of a final decision. If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal of access, and specific citations or statutory authority for the denial.

This letter shall confirm that Judy Aragon hereby agrees to pay for all reasonable search and copying costs that may be associated with this request. However, we would appreciate the opportunity to inspect these records before any documents are copied. If search and copying costs exceed $200, please telephone us in advance for an agreement as to such additional costs.

Finally, we request expedited handling of this request under the "Compelling Need" doctrine, as Judy Aragon is currently involved in litigation with the IRS, which may result in a loss of substantial due process rights to our client.

Feel free to contact me through the contact information contained herein.

Very truly yours,

James D. Thorburn

Cc: Judy Aragon

**EXHIBIT 23**

Page 4
Disclosure Manager
January 29, 2018

Pursuant to 28 U.S.C. §1746, James D. Thorburn makes the following declaration:

1. My name is James D. Thorburn. I am an attorney duly licensed to practice law in the State of Colorado. I am appointed as an authorized representative on the attached Form 2848 for Judy Aragon.

2. Attached hereto is a true and correct copy of my driver's license issued by the State of Colorado to prove my identity.

3. My business address is Thorburn Walker LLC, 5460 South Quebec Street, Suite 310, Greenwood Village, Colorado 80111.

4. Also attached hereto is a fully executed Form 2848 authorizing me to act and obtain documents on behalf of the Taxpayer.

5. The attached Form 2848 is signed by Judy Aragon.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2018.

_____
James D. Thorburn
Thorburn Walker LLC
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

**EXHIBIT 23**

# THORBURN | WALKER LLC

| | |
|---|---|
| **5460 South Quebec Street, Suite 310** | **Telephone** (303) 646-3482 |
| **Greenwood Village, Colorado 80111** | **Facsimile** (303) 325-3489 |
| **Website** *www.thorburnwalker.com* | **E-Mail** jthorburn@thorburnwalker.com |

January 29, 2018

**VIA FACSIMILE**

IRS FOIA Request
HQ FOIA
Stop 62150
Atlanta GA 30362
1-877-807-9215 (fax)

Dear Disclosure Manager:

      We represent Medicinal Oasis LLC and have attached an Internal Revenue Service Power of Attorney (Form 2848) confirming the foregoing. This letter is intended to formally request, under the Freedom of Information Act, 5 U.S.C. §552, and the regulations promulgated thereunder, each and every document contained in the administrative files of the Internal Revenue Service relating to the income tax liabilities of Medicinal Oasis LLC (TIN          ) ("Taxpayer") for taxable years 2013, 2014, 2015, 2016 and 2017.

      This request does not include copies of the Taxpayer's filed income tax returns, nor does it include copies of correspondence generated by our office. Subject to the foregoing, the requested information includes, but is not limited to:

1. The Examination Division Administrative File for the audit of the Taxpayer. This information should include: any worksheets, workpapers, notes, emails, faxes, documents, memoranda, computations and other materials prepared or accumulated relative to this examination by employees of the IRS, any other governmental agency, or otherwise, including internal documents, memoranda, memoranda of all interviews of persons regarding the individual income tax liabilities of the Taxpayer; copies of all statements (sworn or otherwise), including any drafts and edited copies, given by individuals in connection with the investigation of the income tax liabilities of the Taxpayer and/or investigations of Taxpayer of trafficking in Schedule I or II controlled substances; Case Activity record; and written reports and recommendations concerning the proposed assessment of additional tax and penalties and any other information that is related to the determinations made by the IRS regarding the Taxpayer.

2. A list of any information and documents maintained electronically identifying each document by subject matter and format (i.e., tape, disk, etc.).

3. Any and all files relative to the audit that include information and documents obtained pursuant to summonses issued to third parties which are not otherwise included in the Administrative File.

**EXHIBIT 23**

Page 2
Disclosure Manager
January 29, 2018

4. Any and all files relative to this audit that may have been prepared by independent consultants, international examiners, economists, engineers, and any other specialists assigned to this case which are not otherwise included in the Administrative File.

5. Any and all written training materials used for the training of any and all IRS personnel, whether written by Internal Revenue Service personnel, or personnel from any other agency or private third party, including but not limited to the Department of Justice, the Drug Enforcement Agency, the Internal Revenue Service or any other branch or agency of the United States Government, which in any way deal with the application of the Controlled Substances Act 21 U.S.C. §841, and/or the administration of 26 U.S.C. §280E.

6. Specifically, all training materials used to train IRS personnel for §280E audits which were utilized in the training session in the Spring of 2016 in Colorado.

7. All written policy statements issued by IRS personnel regarding audits involving 26 U.S.C. §280E during the Spring of 2017.

8. All written policy statements or other documents stating policy of the Internal Revenue Service regarding the administration of 26 U.S.C. §280E which have not been previously published in the Code of Federal Regulations ("CFR").

9. Any and all audit technique guides utilized in the audit of Taxpayer by any auditor, supervisor, manager, group manager and/or regional director.

10. All written policy statements or other documents stating policy of the Internal Revenue Service, whether separately or jointly with and the Department of Justice, the Drug Enforcement Agency or any other Department or agency of the United States of America, regarding the policies to enforce or investigate the 26 U.S.C. §280E and/or the Controlled Substance Act, as it relates to the auditing of tax returns of taxpayers engaged in the sale of marijuana in states where such sales are legal under state law, whether for medicinal or recreational purposes.

11. All written policy statements, final decisions, or other documents that implement the established policy of the IRS, or that explain actions that the IRS has already taken, with regard to the administration of 26 U.S.C. §280E.

Since the requested information relates directly to Medicinal Oasis LLC, we have determined that the information requested is not exempt under disclosure laws, is not a classified document, is not a protected internal communication, is not protected by "privacy," and is not a "protected investigative record" within the meaning of the Freedom of Information Act. Additionally, the requested policy statements and written training material are not exempt under disclosure laws because they reflect post-decisional documents and "the public is vitally concerned with the reasons which did supply the basis for an agency policy actually adopted." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 152 (1975).

**EXHIBIT 23**

Page 3
Disclosure Manager
January 29, 2018

    If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal or access, and specific citations or statutory authority for the denial. Specifically, if the Disclosure Section determines an exemption applies to some or all of the requested information, we request that a Privilege Log be provided in the form of a Vaughn Index. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974), the court rejected an agency's conclusory affidavit stating that requested FOIA documents were subject to exemption. *Id.* at 828. "A Vaughn Index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995). A Vaughn Index "'permit[s] the court system effectively and efficiently to evaluate the factual nature of disputed information.'" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 n.2 (1989) (quoting *Vaughn*, 484 F.2d at 826). With a Vaughn Index, we will have the means to adequately assess if any claimed exemptions have merit, thereby avoiding potentially costly litigation to seek such item.

    We believe that your office has custody of the requested information, but if not, we hereby request prompt notice of the current location of such information. To expedite this request, we are willing to discuss specific instances of deletion or other exemption claims in advance of a final decision. If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal of access, and specific citations or statutory authority for the denial.

    This letter shall confirm that Medicinal Oasis LLC hereby agrees to pay for all reasonable search and copying costs that may be associated with this request. However, we would appreciate the opportunity to inspect these records before any documents are copied. If search and copying costs exceed $200, please telephone us in advance for an agreement as to such additional costs.

    Finally, we request expedited handling of this request under the "Compelling Need" doctrine, as Medicinal Oasis LLC is currently involved in litigation with the IRS, which may result in a loss of substantial due process rights to our client.

Feel free to contact me through the contact information contained herein.

Very truly yours,

James D. Thorburn

Cc: Medicinal Oasis LLC

**EXHIBIT 23**

Page 4
Disclosure Manager
January 29, 2018

Pursuant to 28 U.S.C. §1746, James D. Thorburn makes the following declaration:

1. My name is James D. Thorburn. I am an attorney duly licensed to practice law in the State of Colorado. I am appointed as an authorized representative on the attached Form 2848 for Medicinal Oasis LLC.

2. Attached hereto is a true and correct copy of my driver's license issued by the State of Colorado to prove my identity.

3. My business address is Thorburn Walker LLC, 5460 South Quebec Street, Suite 310, Greenwood Village, Colorado 80111.

4. Also attached hereto is a fully executed Form 2848 authorizing me to act and obtain documents on behalf of the Taxpayer.

5. The attached Form 2848 is signed by Judy Aragon, member of Medicinal Oasis LLC. Ms. Aragon is the duly authorized representative of Medicinal Oasis LLC with full authority to sign the attached Form 2848.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2018.

James D. Thorburn
Thorburn Walker LLC
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

**EXHIBIT 23**

# THORBURN | WALKER LLC

5460 South Quebec Street, Suite 310  
Greenwood Village, Colorado 80111  
Website  www.thorburnwalker.com

Telephone           (303) 646-3482  
Facsimile           (303) 325-3489  
E-Mail     jthorburn@thorburnwalker.com

January 29, 2018

IRS FOIA Request  
HQ FOIA  
Stop 62150  
Atlanta GA 30362

**VIA Facsimile: 1-877-807-9215**

Dear Disclosure Manager:

We represent Medicinal Wellness Center LLC and have attached an Internal Revenue Service Power of Attorney (Form 2848) confirming the foregoing. This letter is intended to formally request, under the Freedom of Information Act, 5 U.S.C. §552, and the regulations promulgated thereunder, each and every document contained in the administrative files of the Internal Revenue Service relating to the income tax liabilities of Medicinal Wellness Center LLC (TIN            ) ("Taxpayer") for taxable years 2013, 2014, 2015, 2016 and 2017.

This request does not include copies of the Taxpayer's filed income tax returns, nor does it include copies of correspondence generated by our office. Subject to the foregoing, the requested information includes, but is not limited to:

1. The Examination Division Administrative File for the audit of the Taxpayer. This information should include: any worksheets, workpapers, notes, emails, faxes, documents, memoranda, computations and other materials prepared or accumulated relative to this examination by employees of the IRS, any other governmental agency, or otherwise, including internal documents, memoranda, memoranda of all interviews of persons regarding the individual income tax liabilities of the Taxpayer; copies of all statements (sworn or otherwise), including any drafts and edited copies, given by individuals in connection with the investigation of the income tax liabilities of the Taxpayer and/or investigations of Taxpayer of trafficking in Schedule I or II controlled substances; Case Activity record; and written reports and recommendations concerning the proposed assessment of additional tax and penalties and any other information that is related to the determinations made by the IRS regarding the Taxpayer.

2. A list of any information and documents maintained electronically identifying each document by subject matter and format (i.e., tape, disk, etc.).

3. Any and all files relative to the audit that include information and documents obtained pursuant to summonses issued to third parties which are not otherwise included in the Administrative File.

**EXHIBIT 23**

Page 2
Disclosure Manager
January 29, 2018

4. Any and all files relative to this audit that may have been prepared by independent consultants, international examiners, economists, engineers, and any other specialists assigned to this case which are not otherwise included in the Administrative File.

5. Any and all written training materials used for the training of any and all IRS personnel, whether written by Internal Revenue Service personnel, or personnel from any other agency or private third party, including but not limited to the Department of Justice, the Drug Enforcement Agency, the Internal Revenue Service or any other branch or agency of the United States Government, which in any way deal with the application of the Controlled Substances Act 21 U.S.C. §841, and/or the administration of 26 U.S.C. §280E.

6. Specifically, all training materials used to train IRS personnel for §280E audits which were utilized in the training session in the Spring of 2016 in Colorado.

7. All written policy statements issued by IRS personnel regarding audits involving 26 U.S.C. §280E during the Spring of 2017.

8. All written policy statements or other documents stating policy of the Internal Revenue Service regarding the administration of 26 U.S.C. §280E which have not been previously published in the Code of Federal Regulations ("CFR").

9. Any and all audit technique guides utilized in the audit of Taxpayer by any auditor, supervisor, manager, group manager and/or regional director.

10. All written policy statements or other documents stating policy of the Internal Revenue Service, whether separately or jointly with and the Department of Justice, the Drug Enforcement Agency or any other Department or agency of the United States of America, regarding the policies to enforce or investigate the 26 U.S.C. §280E and/or the Controlled Substance Act, as it relates to the auditing of tax returns of taxpayers engaged in the sale of marijuana in states where such sales are legal under state law, whether for medicinal or recreational purposes.

11. All written policy statements, final decisions, or other documents that implement the established policy of the IRS, or that explain actions that the IRS has already taken, with regard to the administration of 26 U.S.C. §280E.

Since the requested information relates directly to Medicinal Wellness Center LLC, we have determined that the information requested is not exempt under disclosure laws, is not a classified document, is not a protected internal communication, is not protected by "privacy," and is not a "protected investigative record" within the meaning of the Freedom of Information Act. Additionally, the requested policy statements and written training material are not exempt under disclosure laws because they reflect post-decisional documents and "the public is vitally concerned with the reasons which did supply the basis for an agency policy actually adopted." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 152 (1975).

**EXHIBIT 23**

Page 3
Disclosure Manager
January 29, 2018

If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal or access, and specific citations or statutory authority for the denial. Specifically, if the Disclosure Section determines an exemption applies to some or all of the requested information, we request that a Privilege Log be provided in the form of a Vaughn Index. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974), the court rejected an agency's conclusory affidavit stating that requested FOIA documents were subject to exemption. *Id.* at 828. "A Vaughn Index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995). A Vaughn Index "'permit[s] the court system effectively and efficiently to evaluate the factual nature of disputed information.'" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 n.2 (1989) (quoting *Vaughn*, 484 F.2d at 826). With a Vaughn Index, we will have the means to adequately assess if any claimed exemptions have merit, thereby avoiding potentially costly litigation to seek such item.

We believe that your office has custody of the requested information, but if not, we hereby request prompt notice of the current location of such information. To expedite this request, we are willing to discuss specific instances of deletion or other exemption claims in advance of a final decision. If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal of access, and specific citations or statutory authority for the denial.

This letter shall confirm that Medicinal Wellness Center LLC hereby agrees to pay for all reasonable search and copying costs that may be associated with this request. However, we would appreciate the opportunity to inspect these records before any documents are copied. If search and copying costs exceed $200, please telephone us in advance for an agreement as to such additional costs.

Finally, we request expedited handling of this request under the "Compelling Need" doctrine, as Medicinal Wellness Center LLC is currently involved in litigation with the IRS, which may result in a loss of substantial due process rights to our client.

Feel free to contact me through the contact information contained herein.

Very truly yours,

James D. Thorburn

Cc: Medicinal Wellness Center LLC

**EXHIBIT 23**

Page 4
Disclosure Manager
January 29, 2018

Pursuant to 28 U.S.C. §1746, James D. Thorburn makes the following declaration:

1. My name is James D. Thorburn. I am an attorney duly licensed to practice law in the State of Colorado. I am appointed as an authorized representative on the attached Form 2848 for Medicinal Wellness Center LLC.

2. Attached hereto is a true and correct copy of my driver's license issued by the State of Colorado to prove my identity.

3. My business address is Thorburn Walker LLC, 5460 South Quebec Street, Suite 310, Greenwood Village, Colorado 80111.

4. Also attached hereto is a fully executed Form 2848 authorizing me to act and obtain documents on behalf of the Taxpayer.

5. The attached Form 2848 is signed by Judy Aragon, member of Medicinal Wellness Center LLC. Ms. Aragon is the duly authorized representative of Medicinal Wellness Center LLC with full authority to sign the attached Form 2848.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2018.

James D. Thorburn
Thorburn Walker LLC
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

**EXHIBIT 23**

# THORBURN | WALKER LLC

5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
Website  www.thorburnwalker.com

Telephone      (303) 646-3482
Facsimile       (303) 325-3489
E-Mail    jthorburn@thorburnwalker.com

January 29, 2018

**VIA FACSIMILE**

IRS FOIA Request
HQ FOIA
Stop 62150
Atlanta GA 30362
1-877-807-9215 (fax)

Dear Disclosure Manager:

We represent Michael Aragon and have attached an Internal Revenue Service Power of Attorney (Form 2848) confirming the foregoing. This letter is intended to formally request, under the Freedom of Information Act, 5 U.S.C. §552, and the regulations promulgated thereunder, each and every document contained in the administrative files of the Internal Revenue Service relating to the income tax liabilities of Michael Aragon (TIN             ) ("Taxpayer") for taxable years 2013, 2014, 2015, 2016 and 2017.

This request does not include copies of the Taxpayer's filed income tax returns, nor does it include copies of correspondence generated by our office. Subject to the foregoing, the requested information includes, but is not limited to:

1. The Examination Division Administrative File for the audit of the Taxpayer. This information should include: any worksheets, workpapers, notes, emails, faxes, documents, memoranda, computations and other materials prepared or accumulated relative to this examination by employees of the IRS, any other governmental agency, or otherwise, including internal documents, memoranda, memoranda of all interviews of persons regarding the individual income tax liabilities of the Taxpayer; copies of all statements (sworn or otherwise), including any drafts and edited copies, given by individuals in connection with the investigation of the income tax liabilities of the Taxpayer and/or investigations of Taxpayer of trafficking in Schedule I or II controlled substances; Case Activity record; and written reports and recommendations concerning the proposed assessment of additional tax and penalties and any other information that is related to the determinations made by the IRS regarding the Taxpayer.

2. A list of any information and documents maintained electronically identifying each document by subject matter and format (i.e., tape, disk, etc.).

3. Any and all files relative to the audit that include information and documents obtained pursuant to summonses issued to third parties which are not otherwise included in the Administrative File.

**EXHIBIT 23**

Page 2
Disclosure Manager
January 29, 2018

4. Any and all files relative to this audit that may have been prepared by independent consultants, international examiners, economists, engineers, and any other specialists assigned to this case which are not otherwise included in the Administrative File.

5. Any and all written training materials used for the training of any and all IRS personnel, whether written by Internal Revenue Service personnel, or personnel from any other agency or private third party, including but not limited to the Department of Justice, the Drug Enforcement Agency, the Internal Revenue Service or any other branch or agency of the United States Government, which in any way deal with the application of the Controlled Substances Act 21 U.S.C. §841, and/or the administration of 26 U.S.C. §280E.

6. Specifically, all training materials used to train IRS personnel for §280E audits which were utilized in the training session in the Spring of 2016 in Colorado.

7. All written policy statements issued by IRS personnel regarding audits involving 26 U.S.C. §280E during the Spring of 2017.

8. All written policy statements or other documents stating policy of the Internal Revenue Service regarding the administration of 26 U.S.C. §280E which have not been previously published in the Code of Federal Regulations ("CFR").

9. Any and all audit technique guides utilized in the audit of Taxpayer by any auditor, supervisor, manager, group manager and/or regional director.

10. All written policy statements or other documents stating policy of the Internal Revenue Service, whether separately or jointly with and the Department of Justice, the Drug Enforcement Agency or any other Department or agency of the United States of America, regarding the policies to enforce or investigate the 26 U.S.C. §280E and/or the Controlled Substance Act, as it relates to the auditing of tax returns of taxpayers engaged in the sale of marijuana in states where such sales are legal under state law, whether for medicinal or recreational purposes.

11. All written policy statements, final decisions, or other documents that implement the established policy of the IRS, or that explain actions that the IRS has already taken, with regard to the administration of 26 U.S.C. §280E.

Since the requested information relates directly to Michael Aragon, we have determined that the information requested is not exempt under disclosure laws, is not a classified document, is not a protected internal communication, is not protected by "privacy," and is not a "protected investigative record" within the meaning of the Freedom of Information Act. Additionally, the requested policy statements and written training material are not exempt under disclosure laws because they reflect post-decisional documents and "the public is vitally concerned with the reasons which did supply the basis for an agency policy actually adopted." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 152 (1975).

**EXHIBIT 23**

Page 3
Disclosure Manager
January 29, 2018

If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal or access, and specific citations or statutory authority for the denial. Specifically, if the Disclosure Section determines an exemption applies to some or all of the requested information, we request that a Privilege Log be provided in the form of a Vaughn Index. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974), the court rejected an agency's conclusory affidavit stating that requested FOIA documents were subject to exemption. *Id.* at 828. "A Vaughn Index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995). A Vaughn Index "'permit[s] the court system effectively and efficiently to evaluate the factual nature of disputed information.'" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 n.2 (1989) (quoting *Vaughn,* 484 F.2d at 826). With a Vaughn Index, we will have the means to adequately assess if any claimed exemptions have merit, thereby avoiding potentially costly litigation to seek such item.

We believe that your office has custody of the requested information, but if not, we hereby request prompt notice of the current location of such information. To expedite this request, we are willing to discuss specific instances of deletion or other exemption claims in advance of a final decision. If any material is deemed to be exempt, we hereby request a detailed statement of the portion deleted or withheld, a full statement of the reasons for the refusal of access, and specific citations or statutory authority for the denial.

This letter shall confirm that Michael Aragon hereby agrees to pay for all reasonable search and copying costs that may be associated with this request. However, we would appreciate the opportunity to inspect these records before any documents are copied. If search and copying costs exceed $200, please telephone us in advance for an agreement as to such additional costs.

Finally, we request expedited handling of this request under the "Compelling Need" doctrine, as Michael Aragon is currently involved in litigation with the IRS, which may result in a loss of substantial due process rights to our client.

Feel free to contact me through the contact information contained herein.

Very truly yours,

James D. Thorburn

Cc: Michael Aragon

**EXHIBIT 23**

Page 4
Disclosure Manager
January 29, 2018

Pursuant to 28 U.S.C. §1746, James D. Thorburn makes the following declaration:

1. My name is James D. Thorburn. I am an attorney duly licensed to practice law in the State of Colorado. I am appointed as an authorized representative on the attached Form 2848 for Michael Aragon.

2. Attached hereto is a true and correct copy of my driver's license issued by the State of Colorado to prove my identity.

3. My business address is Thorburn Walker LLC, 5460 South Quebec Street, Suite 310, Greenwood Village, Colorado 80111.

4. Also attached hereto is a fully executed Form 2848 authorizing me to act and obtain documents on behalf of the Taxpayer.

5. The attached Form 2848 is signed by Michael Aragon.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2018.

James D. Thorburn
Thorburn Walker LLC
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

**EXHIBIT 23**