IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:18-mc-00031-PAB

MEDICINAL WELLNESS CENTER, LLC, a
Colorado Limited Liability Company;
MEDICINAL OASIS, LLC, a Colorado Limited
Liability Company; MICHAEL ARAGON; JUDY
ARAGON; and STEVEN HICKOX,

       Petitioners,

       v.

UNITED STATES OF AMERICA,

       Respondent.

## DECLARATION OF REVENUE AGENT TYLER PRINGLE IN SUPPORT OF UNITED STATES' MOTION TO DISMISS PETITION AND ENFORCE SUMMONSES

I, Tyler Pringle, pursuant to 28 U.S.C. § 1746(2), declare as follows:

    1.    I am employed as a Revenue Agent for the Internal Revenue Service with a post of duty in Lakewood, Colorado.

    2.    As a Revenue Agent, I am authorized to issue IRS summonses under 26 U.S.C. § 7602, 26 C.F.R. §§ 301.7602-1 and 301.7603-1(b), and IRS Delegation Order No. 25-1.

    3.    My duties as a Revenue Agent also include examining federal income tax returns and other information, excise tax returns, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries. Through these duties, I assist the IRS in determining the taxpayer's correct tax liability. In cases where the taxpayer does not file the required returns, I also investigate whether such returns should have been filed.

*Background of Relevant IRS Examinations*

4. The IRS has assigned me to conduct examinations of the federal tax liabilities of Medicinal Wellness Center, LLC ("MWC"), and a related entity, Medicinal Oasis, LLC, for the 2014, 2015, and 2016 tax years. Because MWC and Medicinal Oasis elected to be treated as pass-through entities for tax purposes, the results of the audits could affect their owners' income taxes. The IRS thus also assigned me to conduct examinations of the personal tax returns of these entities' owners, Michael Aragon, Judy Aragon, and Steven Hickox, for the 2014 through 2016 tax years.

5. MWC's 2014 tax return and research I conducted indicate that MWC operates a marijuana retail dispensary and two marijuana grow facilities. According to its Yelp page (https://www.yelp.com/biz/medicinal-wellness-center-mountain-view), for instance, MWC is "a full service marijuana superstore" offering medical marijuana to patients in Denver. MWC also offers recreational marijuana. The dispensary's address is 5430 W. 44th Avenue, Mountain View, Colorado, 80212.

6. My research also indicates that Medicinal Oasis, LLC, d/b/a Oasis Cannabis Superstore, is a business related to MWC. Oasis Cannabis Superstore sells MWC grown products, among others. According to its website, http://www.oasissuperstore.com, Oasis Cannabis Superstore has the "largest selection of cannabis in the world!" It has locations both at MWC's dispensary's address and at 6359 E. Evans Avenue, Denver, Colorado, 80222.

7. Accordingly, part of the examinations of the federal tax liabilities of MWC, Medicinal Oasis, and their owners involves verifying that they have not claimed expenses disallowed under 26 U.S.C. § 280E, which denies deductions associated with trafficking in controlled substances.

2

8.      In *Medicinal Wellness Center, LLC, et al. v. United States*, No. 1:17-mc-00170, MWC, Medicinal Oasis, and their owners (the same petitioners as in this case) have challenged IRS summonses issued to the Colorado Marijuana Enforcement Division ("MED") in relation to the examinations of these parties' 2014 and 2015 tax liabilities.  In my Declaration in Support of the United States' Motion to Dismiss Petition and Enforce Summonses filed in that action (at Dkt. 3-1), I provide background on the examinations for the 2014 and 2015 years and explain the steps I took in issuing the related summonses to MED.

9.      While that case has been pending, because it appeared that the same issues with these parties' 2014 and 2015 tax years existed with respect to the 2016 tax year, the IRS expanded its examinations of MWC, Medicinal Oasis, and their owners to encompass 2016.  On November 21, 2017, I thus sent letters to MWC and to Medicinal Oasis informing them that the IRS had selected for examination their tax returns for 2016. (Copies of the letters are attached as Exhibit A.)  In addition, I sent a letter to Michael and Judy Aragon on November 21, 2017, and a letter to Steven Hickox on December 27, 2017, informing them that the IRS had expanded the scope of its examination to include the 2016 year and enclosing document requests. (Copies of the letters are attached as Exhibit B.)

10.     During the course of the examinations for the 2014 through 2016 years, I sent Information Document Requests ("IDRs") to MWC, Medicinal Oasis, and their owners.  In addition, I met with Petitioners' representatives, including Petitioners' counsel in this action, who represented MWC, Medicinal Oasis, and the Aragons in their audits.  To date, MWC and Medicinal Oasis have provided only partial responses to the IDRs.

11.     MWC and Medicinal Oasis have not provided sufficient information to substantiate the figures shown on their tax returns.  These entities have provided only minimal,

3

incomplete, and redacted financial and other records.  They have refused to provide detailed product or sales information.  Without this information, I have no way of verifying accounting records, reconstructing income, or otherwise confirming the accuracy of the tax returns at issue.

12.    In addition, MWC's and Medicinal Oasis's productions did not include information they reported to MED.  Specifically, MWC and Medicinal Oasis have refused to produce information from MED's Marijuana Enforcement Tracking Reporting and Compliance ("METRC") system.

13.    Information from the METRC system is particularly valuable during an audit.  In Colorado, marijuana growers and dispensaries must account for all marijuana plants and products through the METRC system.  The METRC system's information thus can establish whether a marijuana business properly reported its gross receipts and allowed deductions for cost of goods sold.

14.    I am therefore seeking the summoned information from MED to verify the accuracy of MWC's and Medicinal Oasis's internal books and records and to determine whether what they reported on their returns is consistent with that information.

*Summons to MED in Relation to MWC and Medicinal Oasis*

15.    On January 26, 2018, as part of the examinations of MWC and Medicinal Oasis, and in accordance with 26 U.S.C. § 7602, I issued to MED administrative summonses, IRS Forms 2039, with respect to MWC and Medicinal Oasis.  The summonses directed MED to appear before the IRS on February 20, 2018, to produce for examination, with respect to these entities, all licenses held for 2016, METRC annual gross sales reports, transfer reports, annual harvest reports, and monthly plants inventory reports.  (Copies of these summonses are attached

4

as Exhibit C.) Transfer reports show the contents and timing of transferred inventory. Harvest and plants inventory reports show beginning and ending inventory numbers.

16. I served these IRS summonses on MED by certified mail on January 26, 2018. (Copies of the certified mail and delivery receipts are attached as Exhibit D.)

17. On the same day that I served these summonses on MED, I provided notice of the summonses to MWC and to Medicinal Oasis via certified mail to their addresses. These notices included a copy of the respective summons and explained the right to bring a proceeding to quash the summons. (Attached as Exhibit E are copies of the certified mailing receipts and delivery receipts.)

18. As of the date of this declaration, MED has not produced the books, papers, records, and other data sought by these IRS summonses.

19. The IRS does not already possess the books, papers, records, and other data sought by the summonses.

20. The information requested in the summonses may be relevant to determine the correctness of the federal tax returns and federal tax liabilities of MWC and of Medicinal Oasis.

21. In issuing and serving these summonses on MED, I complied with the administrative steps that the Internal Revenue Code requires.

22. No Department of Justice referral, as defined by 26 U.S.C. § 7602(d), is in effect with respect to either MWC or Medicinal Oasis for the tax periods under examination.

*Summonses to MED in Relation to the Entities' Owners*

23. In addition, on January 26, 2018, as part of the examinations of the entities' owners, Michael Aragon, Judy Aragon, and Steven Hickox, and in accordance with 26 U.S.C. § 7602, I issued to MED administrative summonses, IRS Forms 2039, with respect to each of

these individuals.  The summonses directed MED to appear before the IRS on February 20, 2018, to produce for examination all licenses held from January 1, 2016, to December 31, 2016, for Michael Aragon, Judy Aragon, and Steven Hickox, respectively.  (Copies of the summonses are attached as Exhibit F.)  I sought this information to verify that these individuals own MWC and Medicinal Oasis.

24. I served these IRS summonses on MED by certified mail on January 26, 2018. (*See* Exhibit D for copies of the certified mail and delivery receipts.)

25. On the same day that I served the summonses on MED, I provided notice of the summonses, via certified mail, to Michael Aragon, Judy Aragon, and Steven Hickox.  These notices included a copy of the relevant summons and explained the right to bring a proceeding to quash the summons.  (*See* Exhibit E for copies of the certified mailing receipts and delivery receipts.)

26. As of the date of this declaration, MED has not produced the information that these summonses seek regarding Michael Aragon, Judy Aragon, and Steven Hickox.

27. The IRS does not already possess the information sought by the summonses with respect to Michael Aragon, Judy Aragon, and Steven Hickox.

28. The information requested in the summonses with respect to these three individuals may be relevant to determine the correctness of their federal tax returns and their federal tax liabilities.

29. In issuing and serving these summonses on MED, I complied with the administrative steps that the Internal Revenue Code requires.

6

30.  No Department of Justice referral, as defined by 26 U.S.C. § 7602(d), is in effect with respect to Michael Aragon, Judy Aragon, or Steven Hickox for the tax periods under examination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2018.

*/s/ Tyler S. Pringle*[1]
TYLER S. PRINGLE
Revenue Agent
Internal Revenue Service

---

[1] Provided in accordance with D. Colo. ECF Procedures Rule 4.3(f).