IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-mc-00031-PAB

MEDICINAL WELLNESS CENTER, LLC, a Colorado limited liability company,
MEDICINAL OASIS, LLC, a Colorado limited liability company,
MICHAEL ARAGON, an individual,
JUDY ARAGON, an individual, and
STEVEN HICKOX, an individual,

    Petitioners,

v.

UNITED STATES OF AMERICA, through its agency the Internal Revenue Service,

    Respondent.
_____

# ORDER
_____

This matter is before the Court on petitioners' Amended Petition to Quash Summonses [Docket No. 12] and the United States' Motion to Dismiss Amended Petition and Enforce Summonses [Docket No. 15].

## I. BACKGROUND

This case is an extension of a dispute between a group of petitioners and the IRS over their tax audits. *See Medicinal Wellness Center, LLC v. United States*, No. 17-mc-00170-PAB ("*Medicinal Wellness Center I*"). The Internal Revenue Service ("IRS") is conducting a civil audit of petitioners Medicinal Wellness Center, LLC, and Medicinal Oasis, LLC's tax liability for fiscal years 2014, 2015, and 2016. Docket No. 15-1 at 2, ¶ 4. Petitioners Michael Aragon, Judy Aragon, and Steven Hickox owned these two entities in those years. *Id*. Because the two entities elected to be treated as

pass-through entities for tax purposes, the results of an audit could affect their owners' income taxes. As a result, the IRS opened civil audits of the 2014, 2015, and 2016 returns for the Aragons and Mr. Hickox. *Id*. In *Medicinal Wellness Center I*, Tyler Pringle, an IRS revenue agent, informed petitioners that his department had made a determination that petitioners were trafficking in a controlled substance and that he sought records to establish the extent of petitioners' activities. *Medicinal Wellness Center I*, Docket No. 1 at 4 and Docket No. 3-1 at 3, ¶ 12. In response to Revenue Agent Pringle's requests, petitioners provided only "minimal, incomplete, and redacted financial and other records." *Id.*, Docket No. 3-1 at 4, ¶ 13. Revenue Agent Pringle issued summonses to Colorado's Marijuana Enforcement Division ("MED"), seeking "books, records, papers, and other data, including METRC [Marijuana Enforcement Tracking Reporting and Compliance] annual gross sales reports, transfer reports, annual harvest reports, and monthly plants inventory reports." *Id*. at 4-5, ¶ 17. While *Medicinal Wellness Center I* was pending before this Court, the IRS expanded its audit to include the 2016 tax year and issued additional summonses to the MED for 2016. Docket No. 15-1 at 3, ¶ 9.[1] Petitioners now seek to quash those summonses, Docket No. 12, and the government seeks to enforce the summonses. Docket No. 15.

## II. DISCUSSION

In order to enforce a summons, the IRS must show that the "investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the

---

[1] The Court issues its order in *Medicinal Wellness Center I*, denying petitioners' petition to quash and granting the government's motion to dismiss, simultaneously with this order.

2

purpose, that the information sought is not already within the [IRS] Commissioner's possession, and that the administrative steps required by the [Tax] Code have been followed—in particular, that the 'Secretary [of the Treasury] or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." *United States v. Powell*, 379 U.S. 48, 57-58 (1964).[2]  The IRS's burden "is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (citation omitted).  "The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement."  *Id*. (internal quotation marks omitted).[3]

If the IRS makes the *prima facie* showing required under *Powell*, the burden shifts to the party resisting enforcement, whose "burden is a heavy one."  *Balanced Fin.*

---

[2] Additionally, the IRS is barred from issuing or enforcing summonses under the Internal Revenue Code "with respect to any person if a Justice Department referral is in effect with respect to such person."  26 U.S.C. § 7602(d) (I.R.C. § 7602(d)).  Petitioners do not dispute Revenue Agent Pringle's declaration that there is no Justice Department referral in effect in relation to them.  *See* Docket No. 15-1 at 5, 7, ¶¶ 22, 30.

[3] Petitioners assert that the Court cannot consider the declaration from Revenue Agent Pringle without converting their motion to dismiss into a motion for summary judgment.  Docket No. 16 at 2.  When, in a summons enforcement proceeding, the issue is whether the government presented a *prima facie* case under *Powell*, the traditional summary judgment standard applies.  *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1180 (10th Cir. 2019) (applying *Jewell v. United States*, 749 F.3d 1295, 1297 n.1 (10th Cir. 2014)).  However, a taxpayer must factually oppose the government's allegations by affidavit or present a proper affirmative defense to defeat the government's *prima facie* case.  *Id*. at 1183.  "The traditional summary-judgment standard [does] not permit [petitioners] to rest on conclusory statements in the summary judgment record."  *Id*. at 1181.

Case 1:18-mc-00031-PAB Document 20-1 filed 06/18/19 USDC Colorado pg 4 of 11

*Mgmt., Inc.*, 769 F.2d at 1444 (citing *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir. 1979)). The party resisting enforcement must establish a defense, show a lack of good faith on the part of the IRS, or "prove that enforcement would constitute an abuse of the court's process." *Id*. (internal quotation marks omitted).

### A. Legitimate Purpose

The government provides a declaration from Revenue Agent Pringle stating that he served the summonses in relation to "examinations of the federal tax liabilities" of petitioners and that petitioners operate at least one marijuana retail dispensary and two marijuana grow facilities, where they sell medicinal and recreational marijuana. Docket No. 15-1 at 2, ¶ 4-6. The government argues that its investigation of whether petitioners' income derives from the sale of marijuana is a legitimate purpose in light of the bar on deductions and credits for businesses trafficking in controlled substances under Internal Revenue Code § 280E. Docket No. 15 at 7.

Petitioners argue that the summonses do not have a legitimate purpose because Congress did not empower the IRS to investigate violations of federal criminal drug laws. Docket No. 12 at 16-18. The Court rejects this argument. *See Medicinal Wellness Center I* at 4-5; *Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1121 (10th Cir. 2017) ("[I.R.C.] § 280E has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies."). The Court also rejects petitioners' argument that § 280E raises Fifth Amendment issues requiring the IRS to grant petitioners absolute immunity before enforcing the summonses. *See Medicinal Wellness Center I* at 5-6. Therefore, the Court finds that

the government has met its burden to show that its investigation of petitioners is being conducted for a legitimate purpose.

### B.  Relevant to the Legitimate Purpose

The government argues that the information it seeks is relevant because it will "shed light on [petitioners'] correct income . . . by substantiating, or contradicting sales and inventory figures." Docket No. 15 at 8.  Revenue Agent Pringle's declaration explains that the information it seeks "can establish whether a marijuana business properly reported its gross receipts and allowed deductions for cost of goods sold." Docket No. 15-1 at 4, ¶ 13.  Petitioners argue that "the [g]overnment has already conceded that METRC information is not relevant to a determination of income and expenses." Docket No. 12 at 18.  In support of this conclusion, petitioners point to what appears to be a lead sheet completed by an individual IRS agent.  *See* Docket No. 12-25.  As the government points out, the IRS articulates its positions through formal statements of policy, not through statements of individual agents.  *See Conn. Gen. Life Ins. Co. v. Comm'r of Internal Revenue*, 177 F.3d 136, 145 (3d Cir. 1999).  Even if the exhibit is taken as a concession that METRC information does not directly verify cost of goods sold, there is no evidence supporting petitioners' conclusion that the information is "not relevant to a determination of income and expenses." *See* Docket No. 12 at 18. In his Declaration, Revenue Agent Pringle explains that this information is "particularly valuable during an audit" because it "can establish whether a marijuana business properly reported its gross receipts and allowed deductions for cost of goods sold." *See* Docket No. 15-1 at 4, ¶¶ 13-14.  The Court finds that the government has shown the

5

Case No. 1:18-mc-00031-PAB Document 20-1 filed 06/18/19 USDC Colorado pg 6 of 11

information it seeks is relevant to its legitimate purpose of examining petitioners' federal tax liability.

### C.  The IRS Does Not Already Have the Information Sought

Revenue Agent Pringle states that the IRS did not possess the information sought when he requested the summonses and that the MED has not produced the requested information.  Docket No. 15-1 at 5-6, ¶¶ 18-19, 26-27.   As petitioners do not challenge the government's *prima facie* showing on this factor, the Court finds that the government has shown that the IRS does not already have the information sought.

### D.  Required Administrative Steps

In its motion, the government provides the relevant written notices of audit addressed to petitioners.  Docket No. 15-2 at 7-8.  Further, the government provides copies of the document requests, the summonses, and certifications that Revenue Agent Pringle served the summonses and served notice on the taxpayers.  Docket No. 15-2.  Finally, Revenue Agent Pringle states that the summonses were issued in compliance with the administrative steps required by the Internal Revenue Code.  Docket No. 15-1 at 5-6, ¶ 21, 29.  Petitioners do not contest that this element is satisfied.  *See* Docket No. 7.  The Court finds that this element is satisfied and, accordingly, that the government has met its burden under *Powell*.

### E.  Lack of Good Faith or Abuse of Process

Petitioners argue that, notwithstanding the government's *prima facie* case, the summonses should not be enforced because the IRS has not acted in good faith in issuing the summonses.  Docket No. 12 at 18-20.  The Court rejects this argument for

the reasons set forth in *Medicinal Wellness Center I*. *See Medicinal Wellness Center I* at 9-10.

Petitioners also argue that (1) enforcing the summonses would violate the petitioners' Fourth Amendment rights; (2) the summonses are unreasonable and unenforceable because they are overbroad; (3) the summonses require the commission of a state law crime; (4) the summonses force the MED to prepare documents that do not exist; and (5) the requested transfer reports impermissibly seek the identity of other third-party taxpayers.  Docket No. 12 at 21-34.  With the exception of argument (5), the Court considered and rejected these arguments in *Medicinal Wellness Center I*.  *See Medicinal Wellness Center I* at 10-13.  For the reasons set forth in that order, the Court rejects arguments (1) through (4) in this case.  *See id*.

Petitioners' new argument is that the summonsed "Transfer Reports" from the MED "appear[] to be requesting the identity of third parties who may have dealt with the [p]etitioners in the past."  Docket No. 12 at 34.  Petitioners allege that the summonses are actually "John Doe" summonses pursuant to 26 U.S.C. § 7609(f), and that the IRS has not shown that the summonses are warranted under the statutory factors.  *Id*.  The Court finds this argument misplaced.  As the government and other courts in this district have pointed out, § 7609(f) "only applies when the summons does not identify the person with respect to whose liability the summons is issued."  *See Rifle Remedies, LLC v. United States*, No. 17-mc-00062-RM, 2017 WL 6021421 at *3 (D. Colo. Oct. 26, 2017).  Further, Revenue Agent Pringle explains that the purpose of transfer reports is to show "the contents and timing of transferred inventory," not who the recipients of the

7

inventory are. See Docket No. 15-1 at 5, ¶ 15.

If a taxpayer "cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing" because holding such a hearing "would be a waste of judicial time and resources." *Balanced Fin. Mgmt.*, 769 F.2d at 1444. Because petitioners have not presented factual support for their claims that the IRS is not acting in good faith or is abusing the process, the Court finds that petitioners have not met their burden and will enforce the summonses. Therefore, petitioners' petition to quash the summonses will be dismissed.

### III. CONCLUSION

Accordingly, it is

**ORDERED** that petitioners' Amended Petition to Quash Summonses [Docket No. 12] is **DISMISSED**. It is further

**ORDERED** that the United States' Motion to Dismiss Amended Petition and Enforce Summonses [Docket No. 15] is **GRANTED**. The summonses issued to the Colorado Marijuana Enforcement Division are **ENFORCED** pursuant to 26 U.S.C. § 7604. It is further

**ORDERED** that this case is closed.

DATED April 24, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-mc-00031-PAB

MEDICINAL WELLNESS CENTER, LLC, a Colorado Limited Liability Company;
MEDICINAL OASIS, LLC, a Colorado Limited Liability Company;
MICHAEL ARAGON, an individual;
JUDY ARAGON, an individual; and,
STEVEN HICKOX, an individual.

Petitioners,

v.

UNITED STATES OF AMERICA, through its agency the Internal Revenue Service,

Respondent.

---

## NOTICE OF APPEAL

---

Notice is hereby given that Petitioners in the above-named case, Medicinal Wellness Center, LLC, a Colorado limited liability company, Medicinal Oasis, LLC, a Colorado limited liability company, Michael Aragon, Judy Aragon, and Steven Hickox, appeal to the United States Court of Appeals for the Tenth Circuit from the Order dismissing Petitioners' Amended Petition to Quash and granting the United States' Motion to Dismiss Amended Petition and Enforce Summonses, entered in this action on April 24, 2019 [Doc. 18].

Dated: June 17, 2019

Respectfully submitted:

*James D. Thorburn*
James D. Thorburn
Thorburn Walker LLC
Attorney for the Petitioners
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

# CERTIFICATE OF SERVICE

        I hereby certify that on June 17, 2019, I electronically filed a true and correct copy of the foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

Charles J. Butler
U.S. Department of Justice
P.O. Box 683
Tax Division
Ben Franklin Station
Washington, DC 20044-0683
Email: Charles.J.Butler@usdoj.gov

                                                 */s/ James D. Thorburn*